IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Anisa Bernal, f/k/a Larson, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> J.C. Christensen & Associates, Inc., a Minnesota corporation, and LVNV Funding, LLC, a Delaware limited liability company, <br><br> Defendants. | ) ) ) ) ) ) ) ) No.  16 C 1876 ) ) ) ) ) ) ) <u>Jury Demanded</u> |

## CLASS ACTION COMPLAINT

Plaintiff, Anisa Bernal, f/k/a Larson, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

### PARTIES

3. Plaintiff, Anisa Bernal, f/k/a Larson ("Bernal"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to

collect a delinquent consumer debt, which was allegedly owed for a GE Capital/Sam's club credit card account.

4. Defendant, J.C. Christensen & Associates, Inc. ("JCC"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant JCC operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant JCC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant LVNV operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7. Defendants JCC and LVNV are both authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of

State, attached as Group Exhibit <u>A</u>. In fact, Defendants JCC and LVNV conduct business in Illinois.

8. Moreover, Defendants JCC and LVNV are each licensed as collection agencies in Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>. In fact, Defendants JCC and LVNV acts as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. More than six years ago, Ms. Bernal fell behind on paying her bills, including a debt she allegedly owed for a GE Capital/Sam's Club credit card account. Sometime after that debt became delinquent, Plaintiff has learned through counsel, that this debt was acquired by LVNV, who began trying to collect upon it by having Defendant JCC send her an initial form collection letter, dated February 3, 2015. A copy of this collection letter is attached as Exhibit <u>C</u>.

10. This collection letter stated: "Current Creditor: LVNV Funding, LLC", but also stated: "Original Creditor: General Electric Credit Corporation", and "Merchant: Sam's Club".. Defendants' letter further stated "Your General Electric Credit Corporation account has been placed with us for collections". <u>See</u>, Exhibit <u>C</u>.

11. Defendants' letter failed to explain what the relationship or difference was between the "Original Creditor", the "Current Creditor" or the "Merchant".

12. A simple statement that "LVNV Funding had bought the debt", or that the debt was owed to LVNV, would have sufficed to identify effectively the name of creditor to whom the debt was then owed.

13. Defendants LVNV and JCC have been sued in the past for their failure to identify effectively the name of the creditor to whom a debt is owed, yet they both have failed to correct the form of their letters. Thus, LVNV has adopted and ratified JCC's use of this defective form letter on its behalf.

14. This letter then when on to state:

\* \* \*

Please recognize that interest may be accruing on your account. If applicable, we will receive and apply balance adjustments as interest accrues.

\* \* \*

See, Exhibit C.

15. The above language is a variant of a safe harbor letter created by the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, 214 F.3d 872, 876 (7th Cir. 2000), and is to be used by debt collectors only where interest and other charges are continuing to accrue on an account.

16. The letter later stated:

\* \* \*

The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.

\* \* \*

However, the letter failed to state that JCC would not sue on, or credit report, the debt. See, Exhibit C.

17. In fact, the debt at issue was time-barred because the statute of limitations in the State of Illinois for collecting the delinquent debt at issue was, pursuant to Illinois Code § 735 ILCS 5/13-205, is 5 years from the date of the last payment. Therefore, Defendants could not lawfully sue Plaintiff regarding this debt.

4

18. Moreover, interest was not, and had not been, accruing on Ms. Bernal's account. As a matter of policy, the original creditor ceased charging interest and other charges after the account was charged off. Moreover, the alleged current creditor, Defendant LVNV could not, in fact, charge any interest on this debt.

19. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

20. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

21. Plaintiff adopts and realleges ¶¶ 1-20.

22. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken, see, 15 U.S.C. § 1692e(5).

23. Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA. See, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, McMahon v. LVNV Funding, 744 F.3d 1010, 1020-1021 (7th Cir. 2014).

24. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they contradicted that information by threatening the imposition of additional interest on the debt; and, b) they

did not foreclose the possibility that Defendant JCC would sue or credit report as to the debt; and c) they misleadingly stated that Defendant LVNV "would" not sue or credit report as to the debt when, in reality, neither Defendant could lawfully sue or credit report as to the debt.

25. These are a materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid having the amount of the debt increase, avoid being sued or avoid being credit reported , see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

26. By sending the collection letter (Exhibit C) for a debt that was time-barred, and threatening to impose additional interest when none would, or could, be imposed, Defendants violated § 1692e of the FDCPA.

27. Defendants' violations of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692g(a)(2)
## Failure To Identify Effectively The Current Creditor

28. Plaintiff adopts and realleges ¶¶ 1-20.

29. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Ms. Bernal with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

30. Defendants, by stating, in their form collection letter, that the "Current Creditor" was LVNV, but then also stating that the "Original Creditor" was General

6

Electric Credit Corporation, that the "Merchant: was Sam's Club and then referring to the debt as "Your General Electric Credit Corporation", failed to identify effectively that Defendant LVNV was the creditor to whom the debt was owed, in violation on § 1692g(a)(2) of the FDCPA, see, Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011) (Hibbler, J); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012)(Grady, J.); Deschaine v. National Enterprises, 2013 U.S. Dist Lexis 31349 (N.D. Ill. 2013)(Reinhard, J.); and, Pardo v. Allied Interstate, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. 2015).

31. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

32. Plaintiff adopts and realleges ¶¶ 1-20.

33. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

34. Defendants, by attempting to collect a time-barred debt and by threatening to impose additional interest, when none could, or would, be imposed, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

35. Defendants, by ineffectively stating the name of the current creditor to whom the debt was then owed, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

36. Defendants' violations of § 1692f of the FDCPA renders them liable for

actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

37. Plaintiff, Anisa Bernal, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent, time-barred consumer debt, allegedly owed to LVNV for a GE Capital/Sam's Club account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

38. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Bernal, in their attempts to collect delinquent consumer debts from other consumers.

39. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Bernal.

40. Plaintiff Bernal's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

41. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual

members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

42. Plaintiff Bernal will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Bernal has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Anisa Bernal, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Bernal as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Bernal and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Anisa Bernal, individually and on behalf of all others similarly situated, demands trial by jury.

                                              Anisa Bernal, individually and on behalf of all others similarly situated,

                                              By: /s/ David J. Philipps
                                              One of Plaintiff's Attorneys

Dated: February 2, 2016

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com