IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Anisa Bernal, f/k/a Larson, individually and on behalf of all others similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:16-cv-01876 ) |
| J.C. Christensen & Associates, Inc., a Minnesota corporation, and LVNV Funding, LLC a Delaware limited Liability company, | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' JOINT ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Now come Defendants, J.C. Christensen & Associates, Inc. ("JCC"), and LVNV Funding, LLC ("LVNV," and collectively with JCC, the "Defendants") by and through their undersigned counsel for their Joint Answer to Plaintiff's, Anisa Bernal, f/k/a Larson's, Complaint, states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

**ANSWER**: Defendants admit that Plaintiff is alleging a claim under the FDCPA and that jurisdiction is proper under 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

**ANSWER**: Defendants admit that venue is proper in this District but deny the factual allegations giving rise thereto.

1

**PARTIES**

3. Plaintiff, Anisa Bernal, f/k/a Larson ("Bernal"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt, which was allegedly owed for a GE Capital/Sam's club credit card account.

**ANSWER**: JCC admits that it attempted to collect a delinquent debt from Plaintiff which was originally owed to GE Capital. LVNV denies that it attempted to collect a delinquent debt owed by Plaintiff. Defendants lack sufficient information or knowledge to form a belief as to the remaining allegations in this paragraph and therefore deny the same.

4. Defendant, J.C. Christensen & Associates, Inc. ("JCC"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant JCC operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant JCC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

**ANSWER**: Defendants admit in part, but Defendants lack sufficient information or knowledge as to whether Plaintiff's debt was a "consumer debt" as defined by the FDCPA.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant LVNV operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

**ANSWER**: Defendants admit that LVNV is a Delaware limited liability company. Defendants deny the remaining allegations.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

**ANSWER**: Defendants object to the ambiguous and undefined term "bad debt." Subject to and without waiving this objection, Defendants admit that LVNV acquires portfolios of delinquent debts, some of which are consumer debts as defined by the FDCPA. Defendants deny the remaining allegations of this paragraph.

7. Defendants JCC and LVNV are both authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants JCC and LVNV conduct business in Illinois.

**ANSWER**: Defendants admit.

8. Moreover, Defendants JCC and LVNV are each licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants JCC and LVNV acts as debt collection agencies in Illinois.

**ANSWER**: Defendants admit that they possess collection agency licenses in the State of Illinois. Defendants admit that JCC is a debt collection agency, but Defendants deny that LVNV is a debt collection agency, including within the State of Illinois.

## FACTUAL ALLEGATIONS

9. More than six years ago, Ms. Bernal fell behind on paying her bills, including a debt she allegedly owed for a GE Capital/Sam's Club credit card account. Sometime after that debt became delinquent, Plaintiff has learned through counsel, that this debt was acquired by LVNV, who began trying to collect upon it by having Defendant JCC send her an initial form collection

letter, dated February 3, 2015. A copy of this collection letter is attached as Exhibit C.

**ANSWER**: Defendants admit that Plaintiff had a delinquent account with GE Capital, associated with the merchant Sam's Club. Defendants further admit that LVNV acquired this account after it became delinquent and that JCC sent the February 3, 2015, letter attached to Plaintiff's Complaint as Exhibit C. Defendants deny the characterization or implication that LVNV was attempting to collect upon the debt or involved in the mailing of said letter.

      10.      This collection letter stated: "Current Creditor: LVNV Funding, LLC", but also stated: "Original Creditor: General Electric Credit Corporation", and "Merchant: Sam's Club".. Defendants' letter further stated "Your General Electric Credit Corporation account has been placed with us for collections".   See, Exhibit C.

**ANSWER**: Defendants admit to the extent this quotation is consistent with the text of the letter attached as Exhibit C, but to the extent this quotation is inconsistent with the text of the cited letter, Defendants deny.

      11.      Defendants' letter failed to explain what the relationship or difference was between the "Original Creditor", the "Current Creditor" or the "Merchant".

**ANSWER**: Defendants deny.

      12.      A simple statement that "LVNV Funding had bought the debt", or that the debt was owed to LVNV, would have sufficed to identify effectively the name of creditor to whom the debt was then owed.

**ANSWER**: Defendants deny that the letter did not effectively identify the creditor to whom the debt was then owed, thus Defendants deny that any additional statements were necessary.

      13.      Defendants LVNV and JCC have been sued in the past for their failure to identify effectively the name of the creditor to whom a debt is owed, yet they both have failed to correct the form of their letters. Thus, LVNV has adopted and ratified JCC's use of this defective form

letter on its behalf.

**ANSWER**: Defendants deny.

    14.    This letter then when on to state:

* * *

> Please recognize that interest may be accruing on your account. If applicable, we will receive and apply balance adjustments as interest accrues.

* * *

See, Exhibit C.

**ANSWER**: Defendants admit to the extent this quotation is consistent with the text of the letter attached as Exhibit C, but to the extent this quotation is inconsistent with the text of the cited letter, Defendants deny.

    15.    The above language is a variant of a safe harbor letter created by the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, 214 F.3d 872, 876 (7th Cir. 2000), and is to be used by debt collectors only where interest and other charges are continuing to accrue on an account.

**ANSWER**: Defendants deny.

    16.    The letter later stated:

* * *

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.

* * *

However, the letter failed to state that JCC would not sue on, or credit report, the debt. See, Exhibit C.

**ANSWER**: Defendants admit to the extent this quotation is consistent with the text of the letter attached as Exhibit C, but to the extent this quotation is inconsistent with the text of the cited letter,

Defendants deny. Defendants further deny any implication that the letter suggested JCC either could, or would, sue the Plaintiff or conduct any credit reporting relative to the debt.

17. In fact, the debt at issue was time-barred because the statute of limitations in the State of Illinois for collecting the delinquent debt at issue was, pursuant to Illinois Code § 735 ILCS 5/13-205, is 5 years from the date of the last payment. Therefore, Defendants could not lawfully sue Plaintiff regarding this debt.

**ANSWER**: Defendants lack sufficient information or knowledge to truthfully answer this paragraph and therefore deny the same.

18. Moreover, interest was not, and had not been, accruing on Ms. Bernal's account. As a matter of policy, the original creditor ceased charging interest and other charges after the account was charged off. Moreover, the alleged current creditor, Defendant LVNV could not, in fact, charge any interest on this debt.

**ANSWER**: Defendants deny that LVNV could not charge interest on the debt. Defendants lack sufficient information or knowledge to truthfully answer the remainder of allegations in this paragraph and therefore deny the same.

19. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

**ANSWER**: Defendants admit in part, but Defendants deny that LVNV took any collection actions against the Plaintiff.

20. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER**: Defendants deny that LVNV had any collection communications with Plaintiff. Defendants admit the remaining allegations of Paragraph 16, to the extent such allegations are

consistent with the text of cited case, but Defendants deny said remaining allegations to the extent they are inconsistent with the text of the cited case.

## COUNT I
### Violation Of § 1692e Of The FDCPA – False, Deceptive Or Misleading Collection Actions

21. Plaintiff adopts and realleges ¶¶ 1-20.

**ANSWER**: Defendants reference and reincorporate their Answers to the preceding paragraphs 1 through 20 as if set forth fully herein.

22. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken, see, 15 U.S.C. § 1692e(5).

**ANSWER**: Defendants admit the allegations of this paragraph to the extent they are consistent with the text of the cited statutes, but Defendants deny the allegations to that they are inconsistent with the text of the cited statutes.

23. Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA. See, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, McMahon v. LVNV Funding, 744 F.3d 1010, 1020-1021 (7th Cir. 2014).

**ANSWER**: Defendants deny.

24. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they contradicted that information by threatening the imposition of additional interest on the debt; and, b) they did not foreclose the possibility that Defendant JCC would sue or credit report as to the debt; and c) they misleadingly stated that Defendant LVNV "would" not sue or credit report as to the debt when, in reality, neither

Defendant could lawfully sue or credit report as to the debt.

**ANSWER**: Defendants deny.

25. These are a materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid having the amount of the debt increase, avoid being sued or avoid being credit reported , see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

**ANSWER**: Defendants deny.

26. By sending the collection letter (Exhibit C) for a debt that was time-barred, and threatening to impose additional interest when none would, or could, be imposed, Defendants violated § 1692e of the FDCPA.

**ANSWER**: Defendants deny.

27. Defendants' violations of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. §1692k.

**ANSWER**: Defendants deny.

**COUNT II**
**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Current Creditor**

28. Plaintiff adopts and realleges ¶¶ 1-20.

**ANSWER**: Defendants reference and reincorporate their answers to the preceding paragraphs 1 through 20 as if set forth fully herein.

29. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Ms. Bernal with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

**ANSWER**: Defendants admit the allegations of this paragraph to the extent they are consistent with the text of the cited statutes, but Defendants deny the allegations to that they are inconsistent

with the text of the cited statutes.

30. Defendants, by stating, in their form collection letter, that the "Current Creditor" was LVNV, but then also stating that the "Original Creditor" was General Electric Credit Corporation, that the "Merchant: was Sam's Club and then referring to the debt as "Your General Electric Credit Corporation", failed to identify effectively that Defendant LVNV was the creditor to whom the debt was owed, in violation on § 1692g (a)(2) of the FDCPA, see, Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011) (Hibbler, J); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012)(Grady, J.); Deschaine v. National Enterprises, 2013 U.S. Dist Lexis 31349 (N.D. Ill. 2013)(Reinhard, J.); and, Pardo v. Allied Interstate, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. 2015).

**ANSWER**: Defendants deny.

31. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER**: Defendants deny.

### COUNT III
### Violation Of § 1692f Of The FDCPA –
### Unfair Or Unconscionable Collection Actions

32. Plaintiff adopts and realleges ¶¶ 1-20.

**ANSWER**: Defendants reference and reincorporate their answers to the preceding paragraphs 1 through 20 as if set forth fully herein.

33. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

**ANSWER**: Defendants admit the allegations of this paragraph to the extent they are consistent with the text of the cited statutes, but Defendants deny the allegations to that they are inconsistent with the text of the cited statutes.

34. Defendants, by attempting to collect a time-barred debt and by threatening to impose additional interest, when none could, or would, be imposed, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

**ANSWER**: Defendants deny.

35. Defendants, by ineffectively stating the name of the current creditor to whom the debt was then owed, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

**ANSWER**: Defendants deny.

36. Defendants' violations of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER**: Defendants deny.

## CLASS ALLEGATIONS

37. Plaintiff, Anisa Bernal, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent, time-barred consumer debt, allegedly owed to LVNV for a GE Capital/Sam's Club account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

**ANSWER**: Defendants admit that Plaintiff seeks to bring this matter as a class action for the purported class as described, but Defendants deny that class resolution is appropriate or that Plaintiff, individually, is entitled to any of the requested relief.

38. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Bernal, in their attempts to collect delinquent consumer debts from other

consumers.

**ANSWER**: Defendants deny that LVNV regularly engages in debt collection, including in this case. Defendants further deny that LVNV acted in concert with JCC's collection activity, including in this case, but Defendants admit the remaining allegations of this paragraph as to JCC.

39. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Bernal.

**ANSWER**: Defendants deny this paragraph as to LVNV, as LVNV did not attempt to collect a debt from Plaintiff or members of the purported class, nor did LVNV send a letter to Plaintiff or to any members of the purported class. Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

40. Plaintiff Bernal's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER**: Defendants deny.

41. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

**ANSWER**: Defendants deny.

42. Plaintiff Bernal will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Bernal has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**ANSWER:** Defendants deny.

### **Prayer for Relief**

The remainder of Plaintiff's Complaint consists of a prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to any of the requested relief and further denies all of the factual allegations giving rise to the requested relief.

### **AFFIRMATIVE DEFENSES**

Defendants, J.C. Christensen & Associates, Inc. ("JCC"), and LVNV Funding, LLC ("LVNV," and collectively with JCC, the "Defendants"), by and through their undersigned counsel, hereby state as follow for their Affirmative Defenses:

### **FIRST AFFIRMATIVE DEFENSE**

At all relevant times as alleged in Plaintiff's Complaint, Defendants acted in good faith and with due care and diligence, and acted with no malice or intent to injure, deceive, misrepresent to, or defraud, or harass Plaintiff or any member of the putative class.

### **SECOND AFFIRMATIVE DEFENSE**

Defendants are not liable to Plaintiff or any putative class member because any alleged violation, if true, was either unintentional or the result of a *bona fide* error, despite Defendants'

maintenance of procedures reasonably adapted to avoid any such violations or errors. *See* 15 U.S.C. § 1692k.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, are attributable, in whole or in part, to the acts or conduct of another party or third party, including any contributory negligence on behalf of the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendants deny that a class action resolution of this action is appropriate, as, amongst other reasons, individual issues predominate any alleged claims and class action resolution is not superior to the other forms of redress available, as the putative class can obtain more favorable and expeditious redress upon their claims, if any, individually.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant LVNV is not a debt collector as defined by the applicable provisions within the Fair Debt Collection Practices Act and thus may not be liable under the same.

Defendants expressly reserves the right to amend, add, or delete their affirmative defenses as discovery and investigation continues and circumstances dictate.

WHEREFORE, Defendants, J.C. Christensen & Associates, Inc., and LVNV Funding, LLC, request that this Court grant judgment in its favor and against Plaintiff, dismiss Plaintiff's Complaint in its entirety and with prejudice, award Defendants their reasonable attorneys' fees and costs to the extent permitted by law, and for any other such relief as this Court deems just

Dated: February 24, 2016                    Respectfully submitted,

                                                                                                      J.C. Christensen & Associates, Inc., and LVNV Funding, LLC

                                                                                 By: */s/ Brandon A. Carnes*
                                                                                              One of their attorneys

Matthew P. Connelly
Brandon A. Carnes
Rock Fusco & Connelly, LLC
321 N. Clark Street, Ste. 2200
Chicago, IL 60654
(312) 474-1000
mpconnelly@rfclaw.com
bcarnes@rfclaw.com

## **CERTIFICATE OF SERVICE**

     I, Brandon A. Carnes, an attorney, hereby certify that on February 24, 2016, a copy of the foregoing **Defendants' Joint Answer and Affirmative Defenses to Plaintiff's Complaint** was filed electronically through this Court's online filing system. Notice of this filing will be sent to all parties' counsel of record by operation of the Court's electronic filing system.

                                                                            */s/ Brandon A. Carnes*